IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAMERON JARELL SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-184-O |
| | § | (Consolidated with No. 4:15-CV-185-O) |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court are consolidated petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Cameron Jarell Smith, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petitions should be dismissed as time-barred.

**I. BACKGROUND**

On April 3, 2012, in the 29th District Court of Palo Pinto County, Texas, a jury found Petitioner guilty on one count of manufacturing and delivery of methamphetamine and one count of manufacturing and delivery of cocaine and sentenced him to forty and twenty years' confinement, respectively. Admin. R., Js. 103, ECF Nos. 7-5 & 7-6. Petitioner filed two notices of appeal. Shortly thereafter, and before appellant's brief was filed, upon information provided by the Palo Pinto District Attorney's Office, Petitioner learned that the affidavit relied upon for the search warrant may have contained false statements by the affiant-officer. *Id.*, WR-80,375-01 Writ, Instrument No. 1, Br. in Support 9, ECF No. 8-13. On May 16, 2013, Petitioner voluntarily moved to dismiss his

appeals to pursue state habeas relief. The state appellate court granted the motions and dismissed the appeals on May 23, 2013. *Id.,* Mem. Op., ECF No. 7-2.

On September 6, 2013, Petitioner filed a state habeas application challenging his conviction for manufacturing and delivery of methamphetamine, and, on September 13, 2013, he filed a second application challenging his conviction for manufacturing and delivery of cocaine. *Id.,* Appls. 1, ECF Nos. 8-13 & 8-23. In those applications, Petitioner raised the same or similar claim presented in the instant federal petitions. On March 19, 2014, the state applications were denied by the Texas Court of Criminal Appeals on the findings of the trial court after a live hearing. *Id.*, Action Taken, ECF Nos. 8-3 & 8-15. Thereafter, on March 12, 2015, these federal petitions challenging his convictions were filed in this Court.[1] Pet. 1, ECF No. 1.

Petitioner raises the identical ground for relief in each petition. Specifically, he asserts: "The investigating officer either deliberately falsified or with reckless disregard for the truth stated untrue facts in paragraphs five (5) or six (6) of the affidavit for search warrant in violation of his const. rights." As supporting facts, he provides–

> Through information received by the Palo Pinto District Attorney, affiant police officer on an affidavit for search warrant stated facts in which a neutral and detached magistrate relied upon to issue a search warrant which were untrue. This was determined after the Palo Pinto County District Attorney interviewed the confidential informant and determined the facts attributable to the confidential informant were not as they were in the affidavit for search warrant. This led to the Petitioner being prosecuted for and subsequently convicted of multiple drug offenses. Such revelation occurred after the time to file a motion for new trial or any other remedy in which would allow the trial court or court of appeals to directly address the issue.

---

[1]Typically, a pro se prisoner's state habeas application and federal habeas petition are deemed filed when placed in the prison mail system for mailing, however the rule does not apply to applications or petitions filed by a prisoner represented by counsel. *Cousin v. Lensing,* 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

*Id.* at 6.

Respondent asserts the petitions are time-barred under the federal statute of limitations.

**II. DISCUSSION**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Thus, the limitations period began thirty-two days after the appellate court dismissed

Petitioner's appeals on May 23, 2013, or on Monday, June 24, 2013,[2] and expired one year later on June 24, 2014, absent any tolling. *Mark v. Thaler,* 646 F.3d 191, 193-96 (5th Cir. 2011).

Petitioner's state habeas application(s) pending from September 6, 2013, through March 19, 2014, operated to toll the limitations period 195 days, making his federal petition(s) due on or before January 5, 2015. Thus, Petitioner's federal petitions, filed on March 12, 2015, are untimely unless he is entitled to additional tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner presents no "extraordinary circumstances" warranting equitable tolling nor does he provide new, reliable evidence to show he is actually innocent of the crimes for which he was convicted.

Accordingly, Petitioner's federal petitions were due on or before January 5, 2015. His petitions filed on March 12, 2015, were therefore filed beyond the limitations period and are untimely.

**III.  CONCLUSION**

For the reasons discussed herein, Petitioner's petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are DISMISSED as time-barred.  Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 21st day of January, 2016.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2]Thirty days after May 23, 2013, was a Saturday. TEX. R. APP. P. 4.1(a).

4